{¶ 27} I respectfully disagree with the majority's conclusion that neither Newell or his attorney received notice of the July 15, 2003 sexual predator classification hearing. Notice may be oral or in writing. State v. Gowdy (1999), 88 Ohio St.3d 387,398, 2000-Ohio-355. Newell's attorney attended the July 15th hearing, so it is abundantly clear that the attorney had notice of the hearing. While Newell himself may not have known about the hearing in advance, the notice to his attorney fulfilled the statutory requirements. See State v. Utz, Crawford App. No. 3-2000-19, 2001-Ohio-2165.
It is, therefore, considered that said appellant recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.